IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy Jerome Warren, ) | |
| ) | |
| Petitioner, ) | |
| ) | C/A No.: 2:16-cv-1911-TLW |
| v. ) | |
| ) | |
| Warden Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## **ORDER**

Petitioner Timothy Jerome Warren, a state prisoner proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2254. ECF No. 1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on June 27, 2017, by United States Magistrate Judge Mary Gordon Baker, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant the Respondent's Motion for Summary Judgment and dismiss the Petition with prejudice. ECF No. 24. Petitioner filed Objections to the Report on August 22, 2017, ECF No. 32, and Respondent replied, ECF No. 33. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the applicable law, and the Objections. The Report sets forth the relevant dates related to the untimeliness of the Petitioner's filing. ECF No. 24 at 6-7.[1] This Court concludes that the Magistrate Judge was correct in her determination that the habeas petition was filed two years, five months after the time limitation had run. The Magistrate Judge also addresses the equitable tolling question, noting that the record reflects the Petitioner admitted he was aware of and was offered a fifteen year plea deal and did not take it, but pled hoping for a sentence of less than fifteen years. ECF No. 24 at 9. After careful consideration, **IT IS ORDERED** that the Report, ECF No. 24, is **ACCEPTED**, and the Petitioner's Objections, ECF No. 32, are **OVERRULED**. Respondent's motion for summary judgment, ECF No. 17, is hereby **GRANTED**, and the Petition, ECF No. 1, is **DISMISSED** with prejudice.

---

[1] These dates will not be repeated here, as they are clearly laid out in the Report.

The Court has reviewed this Petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<u>s/Terry L. Wooten</u>
Chief United States District Judge

September 7, 2017
Columbia, South Carolina